IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANCISCO GARCIA and<br>LINDA MARTIN,<br><br>        Plaintiffs,<br><br>v.<br><br>VARINDER SINGH and ISHWAR<br>TRUCKING, INC.,<br>        Defendants. | Case No. CIV-23-1021-PRW |

## **ORDER**

Before the Court is Defendant Ishwar Trucking, Inc.'s Partial Motion to Dismiss (Dkt. 7), Plaintiffs Francisco Garcia and Linda Martin's Response Objecting, In Part, to Defendant Ishwar Trucking, Inc.'s Partial Motion to Dismiss and Supporting Brief (Dkt. 8), and Defendant Ishwar Trucking, Inc.'s Reply in Support of its Partial Motion to Dismiss [Dkt. 7] (Dkt. 9).

### *Background*

This case arises out of a car accident involving Plaintiffs and Defendant Singh. Plaintiffs allege that on or about May 16, 2021, they were traveling on I-40 when a vehicle driven by Defendant Singh entered their lane and struck their vehicle. Plaintiffs further allege that Defendant Singh was operating the vehicle during the course and scope of his employment with his employer, Defendant Ishwar Trucking, Inc. ("Ishwar Trucking"), at the time of the accident.

1

Plaintiffs filed this action on April 17, 2023, presumably alleging claims against Defendant Ishwar Trucking for (1) vicarious liability for Defendant Singh's negligence under the doctrine of *respondeat superior*; (2) direct liability for negligent hiring, training, and/or supervision; and (3) punitive damages.[1] Defendant Ishwar Trucking moves for dismissal of Plaintiffs' direct liability claim and punitive damages for failure to state a claim.[2]

## *Legal Standard*

When reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll well-pleaded facts, as distinguished from conclusory allegations,"[3] must be accepted as true and viewed "in the light most favorable to the plaintiff."[4] Parties bear the "obligation to provide the grounds of their entitlement to relief," which requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[5] The pleaded facts must be sufficient to establish that the claim is plausible.[6] In considering whether a claim

---

[1] This action was removed from state court. Plaintiffs appear to agree that these are the claims being alleged against Defendant Ishwar Trucking, although their Petition refers only generally to the pursued causes of action.

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)).

[4] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

[6] *See id.*

is plausible, the Court "liberally construe[s] the pleadings and make[s] all reasonable inferences in favor of the non-moving party."[7]

*Discussion*

I. **Negligent Hiring, Training, and/or Supervision**

Defendant Ishwar Trucking stipulates that Defendant Singh was acting within the course and scope of his employment with Defendant Ishwar Trucking at the time of the accident.[8] Defendant Ishwar Trucking argues—and Plaintiffs agree—that such a stipulation forecloses Plaintiffs' direct claim against Defendant Ishwar Trucking for negligent hiring, training, and/or supervision under Oklahoma law.

The Oklahoma Supreme Court held in *Jordan v. Cates* that "[w]hen an employer stipulates that an employee is acting within the scope of employment . . . and punitive damages are available against it under the theory of *respondeat superior*, an additional claim for negligent hiring exposes the employer to no additional liability."[9] "[W]here the employer stipulates that liability, if any, would be under the *respondeat superior* doctrine," the court explained, "any other theory for imposing liability on the employer [becomes]

---

[7] *Brokers' Choice*, 861 F.3d at 1105.

[8] Def. Ishwar Trucking's Mot. (Dkt. 7), at 5 n.1 ("Defendant Ishwar Trucking specifically admits Defendant Singh was acting within[] the course and scope of his employment with Defendant Ishwar Trucking at the time of the incident at issue."). *See also* Def. Singh's Ans. (Dkt. 6), ¶ 12.

[9] 935 P.2d 289, 294 (Okla. 1997).

unnecessary and superfluous."[10] As "*Jordan* remains good law," we are bound to apply it here.[11]

Because Defendant Ishwar Trucking has stipulated that it will be liable under the doctrine of *respondeat superior* for any negligence of Defendant Singh, Plaintiffs' additional claim for negligent hiring, training, and/or supervision is "unnecessary and superfluous" as a matter of Oklahoma law and must be dismissed.[12] This claim is dismissed with prejudice as any attempt at amendment would be futile.[13]

## II.   Punitive Damages

Defendant Ishwar Trucking also argues that Plaintiffs' claim for punitive damages against Defendant Ishwar Trucking should be dismissed because, without the negligent hiring, training, and/or supervision claim, there are no remaining direct claims against Defendant Ishwar Trucking. Plaintiffs argue in response that their claim for punitive damages can continue based on Defendant Ishwar Trucking's conduct "apart from vicarious liability."[14]

---

[10] *Id.* at 293.

[11] *See, e.g.*, *Schriner v. Gerard*, No. CIV-23-206-D, 2023 WL 3138026, at *1–2 (W.D. Okla. Apr. 27, 2023); *Gregory v. Lindamood Heavy Hauling, Inc.*, No. CIV-22-327-R, 2022 WL 2792203, at *2 (W.D. Okla. July 15, 2022); *Estate of Ratley ex rel. Ratley v. Awad*, No. CV-19-00265-PRW, 2021 WL 1845497, at *4–5 (W.D. Okla. May 7, 2021).

[12] *Jordan*, 935 P.2d at 293.

[13] *See Schriner*, 2023 WL 3138026, at *2 (citing *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) and *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006)).

[14] Pls.' Resp. (Dkt. 8), at 1.

Under Oklahoma law, punitive damages are an element of recovery of an underlying cause of action.[15] Generally, because "punitive damages are a remedy," they are "not a claim subject to dismissal."[16] But "[t]he plea for punitive damages rests on the underlying claim, and if there is no recovery on the underlying claim, there can be no recovery of punitive damages."[17] Here, the only remaining claims are for what appears to be a claim for negligence against Defendant Singh and vicarious liability for any such negligence against Defendant Ishwar Trucking.

Plaintiffs rely on *Fox v. Mize*[18] for the proposition that they can seek punitive damages beyond the extent of their remaining cause of action against Defendant Ishwar Trucking. But *Fox* doesn't go that far. In *Fox*, a direct cause of action against the employer for negligent entrustment survived a motion to dismiss.[19] For this reason, the plaintiff was permitted to seek punitive damages under both a direct theory of liability and *respondeat superior*.[20] In *Chamberlain v. Thomas*, an opinion quoted by the *Fox* court, the court

---

[15] *Rodebush by and through Rodebush v. Oklahoma Nursing Homes, Ltd.*, 867 P.2d 1241, 1247 (Okla. 1993) (citations omitted); *Nelson v. American Hometown Publ'g, Inc.*, 333 P.3d 962, 974 (Okla. Civ. App. 2014) ("Punitive damages, like compensatory damages, do not stand alone as a separate cause of action; they constitute an element of damage subject to proof in connection with Plaintiffs' [cause of action].").

[16] *Sab One, Inc. v. Travelers Indem. Co. of Conn.*, No. CIV-14-1089-R, 2014 WL 6687310, at *1 (W.D. Okla. Nov. 26, 2014).

[17] *Rodebush*, 867 P.2d 1241, 1247 (citing *Eckels v. Traverse*, 362 P.2d 680, 683 (Okla. 1961) and *Contractor's Safety Ass'n v. Cal. Comp. Ins. Co.*, 307 P.2d 626, 629 (Okla. 1957)).

[18] 428 P.3d 314 (Okla. 2018).

[19] *Id.* at 322–23.

[20] *Id.* at 321–22.

questioned the logic underpinning of *Jordan v. Cates*'s requirement that a direct claim for negligent hiring be dismissed when there has been a stipulation of vicarious liability precisely because dismissing the direct claim "might well impact, as it did in *Jordan*, the question of what evidence is admissible to establish the basis for punitive damages."[21] But *Fox* did not displace the baseline rule that punitive damages are an element of recovery of an underlying cause of action; if there is no underlying cause of action, there can be no claim for punitive damages.

Plaintiffs thus cannot seek punitive damages based on a cause of action that has been dismissed.[22] But Plaintiffs' claims against Defendant Singh for negligence, and against Defendant Ishwar Trucking under the doctrine of *respondeat superior* for any such negligence, have not been dismissed. As such, Plaintiffs may continue to seek punitive damages to the extent that they rest on Plaintiffs' remaining underlying causes of action. Any other claim against Defendant Ishwar Trucking for punitive damages is dismissed.

## *Conclusion*

In accordance with the above discussion, the Motion (Dkt. 7) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' direct claim against Defendant Ishwar Trucking for negligent hiring, training, and/or supervision is **DISMISSED**. Plaintiffs' claim for punitive damages is **DISMISSED** to the extent that it rests on the cause of action

---

[21] *Chamberlain v. Thomas*, No. CIV-11-1430-HE, 2012 WL 4355908, at *1 (W.D. Okla. Sept. 24, 2012).

[22] *Id. See Evans v. Liberty Nat. Life Ins. Co.*, No. 13-CV-0390-CVE-PJC, 2015 WL 1650192, at *10 (N.D. Okla. Apr. 14, 2015).

for negligent hiring, training, and/or supervision, but can continue insofar as it rests on Plaintiffs' remaining claims.

**IT IS SO ORDERED** this 9th day of September 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE